1
2
3
4
5

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

6
7
8
9

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Attorneys for Plaintiffs and the Proposed Class*

10

11
12

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

13
14
15

BARRY ALLRED and MANDY C.
ALLRED, on behalf of themselves, all
others similarly situated, and the general
public,

16

                    Plaintiffs,

17

        vs.

18

19
20
21

FRITO-LAY NORTH AMERICA, INC.,
a Delaware Corporation, and FRITO-
LAY, INC., a Delaware Corporation,

22

                    Defendants.

23
24
25
26
27
28

) Case No. 3:17-cv-01345-JLS-BGS
)
) **CLASS ACTION**
)
)
)
) **PLAINTIFFS' MEMORANDUM**
) **OF POINTS AND AUTHORITIES**
) **IN SUPPORT OF THEIR**
) **OPPOSITION TO DEFENDANTS'**
) **MOTION TO DISMISS**
)
)
)
) Date:    November 30, 2017
) Time:    1:30 PM
) Judge:   Hon. Janis L. Sammartino
) Ctrm:    4D
)
)
)
)
)
)
)
)
)
)
)
)
)

-1-

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................ 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ................... 2

III. LEGAL STANDARD ................................................... 4

IV.  ARGUMENT ........................................................... 6

  A.   PLAINTIFFS' STATE LAW CLAIMS ARE NOT PREEMPTED ............. 6

  1. Frito-Lay Unlawfully Labels its Lay's Salt and Vinegar Potato Chip Product by Failing to Disclose the Common or Usual Name of Artificial d-l-Malic Acid .............................................................. 7

  2. Frito-Lay Unlawfully Labels its Lay's Salt & Vinegar Potato Chip Product by Failing to Disclose d-l-Malic Acid as an Artificial Characterizing Flavor 8

  3. D-l-Malic Acid is an Artificial Flavor and Must be Disclosed Pursuant to California and Federal Law ............................................ 9

  B.   PLAINTIFFS STATE A PLAUSIBLE CLAIM FOR RELIEF ................. 10

  1. Whether a Labeling Statement is Likely to Deceive a Reasonable Consumer is Not Appropriate for Determination on a Motion to Dismiss ................... 10

  2. Plaintiffs Plausibly State an "Unfair" Claim Under the UCL ..................... 12

    *a.*   *Defendants' Conduct is "Unfair" Under the Balancing Test*............. 12

    *b.*   *Defendants' Conduct is "Unfair" Under the Tethering Test* ............. 13

  3. Plaintiffs Plausibly State an "Unlawful" Claim Under the UCL .................. 14

    *a.*   *Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's Sherman Law and Its Incorporated Federal Regulations* ................................ 14

    *b.*   *Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's Consumers Legal Remedies Act* .......................................................... 15

-I-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

c.   *Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's False Advertising Law* ................................................................. 16

4.   Plaintiffs Plausibly State a Claim for Breach of Express and Implied Warranties ........................................................................... 17

C.   PLAINTIFFS' CLAIMS ARE NOT PARTIALLY BARRED BY THE STATUTE OF LIMITATIONS ........................................................ 18

1.   The Delayed Discovery Rule Tolls the Statute of Limitations ............... 18

2.   Fraudulent Concealment Tolls the Statute of Limitations ..................... 19

3.   The Continuing Violation Doctrine Tolls the Statute of Limitations ......... 21

4.   Equitable Tolling Extends the Statute of Limitations Period For Plaintiffs' CLRA and FAL Claims ..................................................... 21

V.   CONCLUSION ............................................................................ 22

-II-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*Arevalo v. Bank of Am. Corp.*,
    850 F. Supp. 2d 1008 (N.D. Cal. 2011) .............................................. 17

*Aryeh v. Canon Business Solutions, Inc.*,
    292 P.3d 871 (Cal. 2013) ................................................................. 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................... 5

*Audio Mktg. Servs., S.A.S. v. Monster Cable Prod., Inc.*,
    2013 WL 633202 (N.D. Cal. Feb. 20, 2013) ....................................... 18

*Becerra v. Gen. Motors LLC*,
    2017 WL 951028 (S.D. Cal. Mar. 10, 2017) ....................................... 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 4, 5

*Burton v. Time Warner Cable Inc.*,
    2013 WL 3337784 (C.D. Cal. Mar. 20, 2013) ...................................... 5

*Card Tech Int'l, LLLP v. Provenzano*,
    2012 WL 2135357 (C.D. Cal. June 7, 2012) ....................................... 13

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) .................................................................... 14

*Clancy v. The Bromley Tea Co.*,
    308 F.R.D. 564  (N.D. Cal. 2013) ....................................................... 6

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008).......................................................... 18

*Clerkin v. MyLife.com, Inc.*,
    2011 WL 3607496 (N.D. Cal. Aug. 16, 2011).................................... 14

-III-

*Conley v. Gibson*,

   355 U.S. 41, 47 (1957) ................................................................... 4

*Cover v. Windsor Surry Co.*,

   2015 WL 4396215 (N.D. Cal. July 17, 2015) ................................... 19

*Davis v. HSBC Bank Nevada, N.A.*,

   691 F.3d 1152 (9th Cir. 2012) ................................................ 11, 17

*Davison v. Santa Barbara High School District*,

   48 F.Supp.2d 1225 (C.D. Cal. 1998) ............................................... 5

*Delarosa v. Boiron*, Inc.,

   275 F.R.D. 582 (C.D. Cal. 2011) ................................................... 15

*E–Fab, Inc. v. Accountants, Inc. Services*,

   153 Cal.App.4th 1308 (2007) ....................................................... 19

*Eminence Capital, LLC v. Aspeon, Inc.*,

   316 F.3d 1048 (9th Cir. 2003) ...................................................... 22

*Engurasoff v. Coca-Cola Co*

   2014 WL 4145409 (N.D. Cal. Aug. 21, 2014) ....................... 9, 15, 18

*Farmers Ins. Exch. v. Super. Ct.*,

   2 Cal. 4th 377 (1992) ................................................................. 14

*Figy v. Frito-Lay N. Am., Inc.*,

   67 F. Supp. 3d 1075 (N.D. Cal. 2014) ............................................ 6

*Hadley v. Kellogg Sales Co.*,

   2017 WL 1065293 (N.D. Cal. Mar. 21, 2017) ................................ 11

*Hall v. Diamond Foods, Inc.*,

   2014 WL 5364122 (N.D. Cal. Oct. 21, 2014) ................................. 11

*Hasbrouck v. Bank Am. Hous. Servs.*,

   190 F.R.D. 42 (N.D.N.Y. 1999) ..................................................... 5

*Hauter v. Zogarts*,

   14 Cal. 3d 104 (1975) ................................................................. 17

-IV-

*Henderson v. J.M. Smucker Co.*,

    2011 WL 1050637 (C.D. Cal. Mar. 17, 2011) ........................................ 11, 19, 20

*Herremans v. BMW of N. Am., LLC*,

    2015 WL 12712082 (C.D. Cal. Feb. 19, 2015).................................................. 19

*Hunter v. Nature's Way Prod., LLC*,

    2016 WL 4262188 (S.D. Cal. Aug. 12, 2016) ................................................... 21

*In re Easysaver Rewards Litig.*,

    737 F. Supp. 2d 1159 (S.D. Cal. 2010) ............................................................. 10

*In re Farm Raised Salmon Cases*,

    42 Cal. 4th 1077 (2008) ...................................................................................... 6

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prod. Liab.*

    *Litig.*, 2011 WL 13160303 (C.D. Cal. Jan. 20, 2011) ........................................ 20

*Ivie v. Kraft Foods Glob., Inc.*

    961 F. Supp. 2d 1033 (N.D. Cal. 2013) ............................................................. 10

*Ivie v. Kraft Foods Glob., Inc.*,

    2013 WL 685372 (N.D. Cal. Feb. 25, 2013) ............................................ 9, 12, 18

*Johns v. Bayer Corp.*,

    280 F.R.D. 551 (S.D. Cal. 2012)........................................................................ 20

*Keith v. Buchanan*,

    173 Cal.App.3d 13 (1985)................................................................................... 17

*Knievel v. ESPN*,

    393 F.3d 1068 (9th Cir. 2005)............................................................................. 5

*Lilly v. ConAgra Foods, Inc.*,

    743 F.3d 662 (9th Cir. 2014).............................................................................. 11

*Lozano v. AT&T Wireless Servs., Inc.*,

    504 F.3d 718 (9th Cir. 2007).............................................................................. 12

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,

    45 Cal. 4th 88 (2008) ........................................................................................ 22

-V-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*McKell v. Washington Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) .................................................... 12
*Norgart v. Upjohn Co.*,
   21 Cal.4th 383 (1999) ................................................................. 18
*Ortega v. Nat. Balance Inc.*,
   2013 WL 6596792 (C.D. Cal. Dec. 16, 2013) .............................. 19
*Regents of University of California v. Superior Court*,
   20 Cal.4th 509 (1999) ................................................................. 20
*Roberts v. Electrolux Home Prod., Inc.*,
   2013 WL 7753579 (C.D. Cal. Mar. 4, 2013) ............................... 20
*Rosas v. Chipotle Mexican Grill, Inc.*,
   2013 WL 12170553 (C.D. Cal. Sept. 9, 2013) .............................. 22
*Ruhnke v. Skinmedica, Inc.*,
   2015 WL 12698447 (C.D. Cal. Jan. 7, 2015) ............................... 20
*Sagan v. Apple Computer, Inc.*,
   874 F. Supp. 1072 (C.D. Cal. 1994) ............................................. 5
*Scheuer v. Rhodes*,
   416 U.S. 232 (1974) ...................................................................... 4
*Stanwood v. Mary Kay, Inc.*,
   941 F. Supp. 2d 1212 (C.D. Cal. 2012) ....................................... 12
*Stapley v. Pestalozzi*,
   733 F.3d 804 (9th Cir. 2013) ....................................................... 10
*Starr v. Baca*,
   652 F.3d 1202 (9th Cir.2011) ........................................................ 5
*Viggiano v. Hansen Nat. Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013) ......................................... 10
*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   592 F.3d 954 (9th Cir. 2010) ....................................................... 18

*Warner v. Tinder Inc.*,
  105 F. Supp. 3d 1083 (C.D. Cal. 2015) ......................................................... 16

*Williams v. Gerber Prod. Co.*,
  552 F.3d 934 (9th Cir. 2008) ...................................................................... 11

*Wilson v. Frito-Lay N. Am., Inc.*,
  2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ................................................ 6

**Statutes**

28 U.S.C. § 1332(d) ............................................................................................ 2

Cal. Bus. & Prof. Code § 17208 ...................................................................... 22

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ................................................... 4, 12

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ................................................... 4, 16

Cal. Civ. Code § 1770 ...................................................................................... 15

Cal. Civ. Code § 1770(a)(7) ............................................................................ 15

Cal. Civ. Code § 1783 ...................................................................................... 21

Cal. Civ. Code §§ 1750, *et seq.* ....................................................................... 4

Cal. Civ. Proc. Code § 338(a) .......................................................................... 21

Cal. Health & Safety Code § 109875 *et seq.* ............................................... 6, 7

Cal. Health & Safety Code § 110100(a) ............................................................ 6

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................... 5

Fed. R. Civ. P. 12(b)(6) .................................................................................. 5, 18

Fed. R. Civ. P. 8 ................................................................................................. 4

Fed. R. Civ. P. 8(e) ............................................................................................ 5

**Regulations**

21 C.F.R. § 101.22(i)(2) ...................................................................................... 8

21 C.F.R. § 184.1069 ........................................................................................ 10

21 C.F.R. § 184.1069(a) ..................................................................................... 7

21 C.F.R. §§ 101.22(i)(3)-(4) ............................................................................ 8

-VII-

21 CFR § 101.22 ........................................................................ 12, 14, 15

21 CFR § 101.4(a)(1) ........................................................................ 3, 7

21 CFR § 101.4(b)(1) ............................................................................ 7

21 CFR § 184.1069 ............................................................................ 18

Cal. Health & Safety Code § 110740 ................................................ 13

Cal. Health & Safety Code §§ 109875 ...................................... 12, 14, 15

**Other Authorities**

*Food Additive Status List*, U.S. Food and Drug Administration ........................ 9

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
Plaintiffs' Opposition to Defendants' Motion to Dismiss

Plaintiffs Barry Allred and Mandy C. Allred (collectively "Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, respectfully submit this Opposition in Response to the Motion to Dismiss that was filed by Defendants Frito-Lay North America, Inc. and Frito-Lay, Inc. (collectively "Defendants") on August 9, 2017. *See* ECF No. 8-1. For the reasons set forth below, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety.

## I.   <u>INTRODUCTION</u>

This is a consumer protection class action involving Defendants' failure to disclose an artificial flavoring ingredient in its Lay's Salt and Vinegar Potato Chip Product (the "Product"). The complaint alleges that "[t]he Product is labeled as if it is flavored only with natural ingredients, when in fact it contains undisclosed artificial flavors in violation of state and federal law." Compl., ¶ 10. Moreover, "Defendants did not simply fail to disclose the artificial flavor; the Product's label proclaims that it contains, 'No Artificial Flavors.'" Compl., ¶ 11. The complaint further alleges that "Defendants instead flavor the Product with an industrial chemical called d-l-malic acid, in the form of a racemic mixture of d- and l-isomers" and "[t]his kind of 'malic acid' is not naturally- occurring, but is in fact manufactured in petrochemical plants from benzene or butane— components of gasoline and lighter fluid, respectively— through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts." Compl., ¶ 31.

Defendants argue that 1.) Plaintiffs' claims are preempted, 2.) that Defendants' failure to disclose an artificial flavoring ingredient is not likely to mislead a reasonable consumer, and 3.) that Plaintiffs' claims are barred by the statute of limitations. *See generally* Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss, ECF No. 8-1 ("Def.s' Mem"). For the reasons set forth below, Defendants' arguments fail as a matter of law and their Motion to Dismiss should be denied in its entirety.

-1-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This action was originally filed in the California Superior Court for the County of San Diego on May 11, 2017.  Defendants' filed a Notice of Removal to this Court on July 3, 2017. *See* ECF No. 1. Defendants contend that this Court has subject matter jurisdiction over this action because the amount in controversy exceeds $5,000,000.00, as to invoke federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs contend that Defendants have failed to meet their burden of proving that the amount in controversy actually exceeds $5,000,000.00 and have therefore filed a Motion to Remand under separate cover. *See* ECF No. 16.

Plaintiffs' complaint concerns the deceptive labeling of Lay's Salt and Vinegar Flavored Potato Chips, which contain artificial flavoring yet claim to have "No Artificial Flavors." *See* Compl., ¶ 20. Under California law, Plaintiffs allege, this also renders the Product misbranded and breaches express and implied warranties as misbranded products are not merchantable under the California Code. *See* Compl., ¶¶ 154-181.

"Plaintiffs purchased the Product multiple times annually since at least 2012" and most recently paid approximately $3.29 per bag. Compl., ¶ 69. "Plaintiffs were deceived by, and justifiably relied upon, the Product's deceptive labeling, and specifically the omission of the fact that it contained artificial flavorings along with the false statement, 'No artificial flavors.'" Compl., ¶ 71.  Plaintiffs contend that "[t]he Product's label violates California law in at least three different regards." Compl., ¶ 23. "First, because the Product contains additional flavoring ingredients that dominate and overwhelm the flavor of the small amount of actual vinegar in the seasoning, the front label is required by law to disclose those additional flavors rather than misleadingly claim that the Product is 'Vinegar' flavored." Compl., ¶ 24 (citing Cal. Health & Safety Code §§ 109875, *et seq.*, ("Sherman Law"), incorporating 21 CFR § 101.22). "Second, the Product ingredient list violates federal and state law

-2-

because it misleadingly identifies the malic acid flavoring ingredient only as a generic 'malic acid' instead of using the specific, non-generic name of the ingredient." Compl., ¶ 25 (citing 21 CFR § 101.4(a)(1)). "Third, and far more deceptive to consumers, is that the Product—rather than having 'No Artificial Flavors' and being flavored with 'just the right balance of tangy vinegar', as its labeling claims—contains an undisclosed artificial flavor made from petrochemicals" and "Defendants conceal this fact from consumers." Compl., ¶ 26.[1]



---

[1] Defendants attached a black and white copy of Plaintiffs' complaint to their Notice of Removal. *See* ECF No. 1-2. For the Court's convenience, Plaintiffs have attached the original color copy of the complaint that was filed with the California Superior Court as Exhibit 1 to their Request for Judicial Notice ("Plf.s' RJN").

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs allege that Defendants have violated California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL") and that Defendants have breached express and implied warranties. *See generally* Compl. Plaintiffs seek to represent a class of consumers defined as "[a]ll consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified." Compl., ¶ 82. "Plaintiffs seek an order compelling Defendants to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Product in violation of U.S. FDA regulations and California consumer protection law; (2) re-label or recall all existing deceptively packaged Product; (3) conduct a corrective advertising campaign to inform California consumers about the deceptive advertising; (4) award Plaintiffs and other Class Members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, interest, and attorneys' fees." Compl., ¶ 14.

### III.   <u>LEGAL STANDARD</u>

A pleading that sets forth a claim for relief "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the purpose of pleading a "short and plain statement of the claim" is merely to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Federal Rule of Civil Procedure 12(b) states that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, Rule 12(b) does provide seven defenses that a party may assert….by motion." *See* Fed. R. Civ. P. 12(b). Among the available defenses under Rule 12(b) is a defense "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court accepts "allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Thus, to survive a motion to dismiss, a plaintiff is required to allege only "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Burton v. Time Warner Cable Inc.*, No. CV 12-06764 JGB AJWX, 2013 WL 3337784, at *2 (C.D. Cal. Mar. 20, 2013) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The liberal pleading standard applied by federal courts comports with Rule 8(e), which says "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e); *C.f. Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."); *Davison v. Santa Barbara High School District*, 48 F.Supp.2d 1225, 1228 (C.D. Cal. 1998) ("If the moving party could obtain the missing detail through discovery, the motion should be denied.").

# IV.   ARGUMENT

## A.   PLAINTIFFS' STATE LAW CLAIMS ARE NOT PREEMPTED

Defendants first argue that "Plaintiffs' claims are preempted as a matter of law because the challenged packaging complies with all federal laws and regulations." Def.s' Mem. at 3:16-17. Defendants' argument fails because, as the Complaint alleges (Compl., ¶¶ 23-26 *et seq.*) the challenged packaging does not comply with the Federal Food, Drug, and Cosmetics Act ("FDCA") or California's "Sherman Law," Cal. Health & Safety Code § 109875 *et seq.* "When Congress passed the FDCA and its subsequent amendments creating national uniform nutrition labeling, it expressly preempted state law that was inconsistent with its requirements." *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013). "However, it did not attempt to completely preempt state laws regarding the marketing of food products. To the contrary, Congress specifically anticipated states enacting their own identical laws." *Id.* (citing *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1090 (2008)). "California complied with this requirement in passing the Sherman Law, which expressly adopts the federal labeling requirement." *Id.* Under the Sherman Law, "All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act ... shall be the food regulations of this state." *See* Cal. Health & Safety Code § 110100(a).

Instructive here is the case of *Wilson v. Frito-Lay N. Am., Inc.*, where the court held that "[s]ince Plaintiffs' state law claims rely on statutes that explicitly incorporate federal law and regulations without modification, and since those claims also do not attempt to impose stricter requirements than those laws or regulations, Plaintiffs' state law claims are not preempted. These claims are all based on the theory that by not complying with the relevant federal laws and regulations, Defendants' labels mislead and deceive consumers." No. 12-1586 SC, 2013 WL 1320468, at *9 (N.D. Cal. Apr. 1, 2013); *see also Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082 (N.D. Cal. 2014) ("Plaintiffs' state law claims are based on

California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code § 109875 *et seq.*, which adopts and incorporates the FDCA."). Plaintiffs' state law claims are likewise based on violations of California's Sherman Law, which is identical to the FDCA (*See* Compl., ¶¶ 24-27) and Defendants' Motion to Dismiss should therefore be denied.

1. **Frito-Lay Unlawfully Labels its Lay's Salt and Vinegar Potato Chip Product by Failing to Disclose the Common or Usual Name of Artificial d-l-Malic Acid**

Plaintiffs allege that "the Product ingredient list violates federal and state law because it misleadingly identifies the malic acid flavoring ingredient only as a generic 'malic acid' instead of using the specific, non-generic name of the ingredient." Compl., ¶ 25 (citing 21 CFR § 101.4(a)(1)). Defendants contend that they have complied with 21 CFR 101.4(a)(1) by citing to 21 C.F.R. § 184.1069(a), which states that "Malic acid...is the common name for 1-hydroxy-1, 2-ethanedicarboxylic acid." *See* 21 C.F.R. § 184.1069(a).

Defendants' argument here confirms Plaintiffs' allegations. When an ingredient has a unique name and a common, generic name, particularly when as here the common name is ambiguous and could refer to more than one ingredient, the label must identify the ingredient by its specific name, not its common name.  As the complaint alleges "[the natural malic acid], however, is not what Defendants put in the Product. Defendants instead flavor the Product with an industrial chemical called d-l-malic acid, in the form of a racemic mixture of d- and l-isomers." Compl., ¶ 31. D-l malic acid, which is alleged to be contained in the Lay's Salt & Vinegar Product, "does not occur naturally. It is made commercially by hydration of fumaric acid or maleic acid." *See* 21 C.F.R. § 184.1069(a). Because Defendants have failed to disclose their specific use of the artificial d-l-malic acid in the Product, they have not used the specific, non-generic name of the ingredient and have therefore violated 21 CFR § 101.4(b)(1) and California's Sherman Law.

2.       **Frito-Lay Unlawfully Labels its Lay's Salt & Vinegar Potato**
         **Chip Product by Failing to Disclose d-l-Malic Acid as an**
         **Artificial Characterizing Flavor**

Defendants next argue that "Frito-Lay properly labels salt & vinegar as the characterizing flavor in accordance with FDA regulations." Def.s' Mem. at 6:3-4. Defendants misinterpret both the relevant FDA regulations and the allegations in the Complaint. The complaint alleges that "'Vinegar' is a primary recognizable flavor identified on the Product's front label" and "Vinegar is therefore a characterizing flavor of the Product." Compl., ¶ 40. However, as both California law and Federal regulations require that "[i]f a food product's characterizing flavors are not created exclusively by the characterizing flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either or both natural or artificial flavorings. If any artificial flavor is present which 'simulates, resembles or reinforces' the characterizing flavor, the food must be prominently labeled as 'Artificially Flavored.'" Compl., ¶ 41 (citing 21 C.F.R. §§ 101.22(i)(3)-(4)). Here, the complaint alleges that "the malic acid that is placed in the Product to simulate the sour flavor of vinegar is the d-l-malic acid—the artificial petrochemical" and that "Defendants pretend otherwise, conflating the natural and the artificial flavorings, misbranding the Product, and deceiving consumers." Compl., ¶ 33.

Although the front package of the Lay's Salt & Vinegar Potato Chip Product states that it is "flavored," the relevant FDA regulations require that the Product be labeled as "Artificially Flavored" due to Defendants' alleged use of the artificial flavoring ingredient, d-l-malic acid. Relevant here is 21 C.F.R. § 101.22(i)(2), which states the following:

> If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food

-8-

and the name of the characterizing flavor shall be accompanied by the word(s) "artificial" or "artificially flavored", in letters not less than one-half the height of the letters in the name of the characterizing flavor

21 C.F.R. § 101.22(i)(2) (emphasis added); *Engurasoff v. Coca-Cola Co.*, No. C 13-03990 JSW, 2014 WL 4145409, at *4 (N.D. Cal. Aug. 21, 2014) (interpreting 21 C.F.R. § 101.22(i) and holding that the court "cannot make a factual determination upon a motion to dismiss as to whether phosphoric acid qualifies as an artificial flavor..."); *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013) ("[T]he factual determinations of whether maltodextrin is used as a sweetener and/or sodium citrate is used as a flavoring agent in this particular product, and whether a reasonable consumer would have thus been misled by the 'no artificial sweeteners or preservatives' label, are inappropriate for determination on a motion to dismiss."). What's more, the complaint alleges that "[m]anufacturers of competing snack products label their products lawfully" Compl., ¶ 63. For example, Wise Potato Chips....accurately labels its flavored 'Salt & Vinegar' chips as 'Artificially Flavored.'" Compl., ¶ 64; Plf.s' RJN at Ex. 2. Because Defendants' conduct is unlawful and unfair, their Motion to Dismiss should be denied.

**3.    D-l-Malic Acid is an Artificial Flavor and Must be Disclosed Pursuant to California and Federal Law**

Defendants next argue that "malic acid is not an 'artificial flavor'" because it does not "appear on the lists of artificial flavors promulgated by the FDA." Def.s' Mem. 7:6-8. This argument is both legally and factually incorrect. The FDA's list of flavoring ingredients is not intended to be comprehensive. Indeed, "[t]he CFR does not contain a complete list of permissible flavorings."[2] So the absence of any

---

[2] *Food Additive Status List*, U.S. FOOD AND DRUG ADMINISTRATION, *available at* http://www.fda.gov/food/ingredientspackaginglabeling/foodadditivesingredients/ucm091048.htm

particular flavoring chemical from those lists is legally meaningless. Furthermore, d-l-malic acid, which is the flavoring chemical alleged to be in the Product, is recognized as an artificial ingredient by federal and state regulations. *See* 21 C.F.R. § 184.1069 ("Racemic DL-malic acid does not occur naturally. It is made commercially by hydration of fumaric acid or maleic acid."). Defendants' reliance on *Viggiano v. Hansen Nat. Corp.*, is misplaced because that case involved the ingredients sucralose and ace-k. 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013).   In *Viggiano*, the Court concluded only that those specific ingredients (sucralose and ace-k) are not artificial flavoring ingredients pursuant to FDA regulations. *Id*. Thus, this Court should not find *Viggiano* to be persuasive.  Likewise, Defendants' reliance on *Ivie v. Kraft Foods Glob., Inc.* is also misplaced because, as Defendants admit, that case involved potassium citrate and sodium citrate, which were found not to be artificial flavoring ingredients pursuant to FDA regulations. 961 F. Supp. 2d 1033, 1041 (N.D. Cal. 2013). Here, the relevant FDA regulations *actually state* that d-l-malic acid "does not occur naturally." 21 C.F.R. § 184.1069. Moreover, Plaintiffs' complaint plausibly alleges that d-l-malic acid is an artificial flavoring ingredient. *See* Compl., ¶ 32.   For purposes of ruling on Defendants' Motion to Dismiss, these allegations must be taken as true and construed in the light most favorable to Plaintiffs. *See Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010).  Defendants' Motion to Dismiss should simply be denied.

**B.**    **PLAINTIFFS STATE A PLAUSIBLE CLAIM FOR RELIEF**

**1.**    **Whether a Labeling Statement is Likely to Deceive a Reasonable Consumer is Not Appropriate for Determination on a Motion to Dismiss**

Defendants' argue that "No reasonable consumer would be deceived into believing that the 'Salt & Vinegar Flavored' label represented anything other than

-10-

that the chips tasted like Salt & Vinegar." Def.s' Mem. 9:15-17. However, the label of the Product affirmatively represents that it is made with "No Artificial Flavors." *See* Compl., ¶ 11 ("Defendants did not simply fail to disclose the artificial flavor; the Product's label proclaims that it contains, 'No Artificial Flavors'"). Defendants argument fails because whether or not a reasonable consumer would be misled "is a question of fact not appropriate for determination [on a motion to dismiss]." *See Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012); *Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014); *see also Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *4 (C.D. Cal. Mar. 17, 2011) ("Defendant argues that since partially hydrogenated vegetable oil, which contains trans fat, is disclosed as one of the ingredients in its products, no reasonable consumer could be misled. Although this factor may be relevant in the fact-intensive reasonable consumer analysis, *Williams* instructs that such reasoning cannot be the basis for granting a motion to dismiss."); *Hall v. Diamond Foods, Inc.*, No. C-14-2148 MMC, 2014 WL 5364122, at *4 (N.D. Cal. Oct. 21, 2014) ("Accordingly, the claims based on Reduced Fat Sea Salt Chips are not subject to dismissal for failure to allege sufficient facts to satisfy the reasonable consumer test.").

The cases cited by Defendant are inapplicable because Plaintiff is not merely alleging a violation of "a technical FDA regulation," but rather that Defendants' affirmative statement that the Product contains "No Artificial Ingredients" is likely to mislead a reasonable consumer, as is Defendants' omission of the legally-required front-of-package label notifying the consumer that the Product is artificially flavored.  For example, Defendants' reliance on *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955- LHK, 2017 WL 1065293 (N.D. Cal. Mar. 21, 2017) is misplaced. In *Hadley*, the Court dismissed the complaint because "Plaintiff has failed to adequately allege the amount of added sugar in Defendant's products and that the amount of added sugar is excessive and unhealthy." *Hadley*, 2017 WL 1065293, at

-11-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*19. The plaintiff in *Hadley* failed to quantify the amount of sugar that would make a product unhealthy and failed to plead the amount of sugar that was even present in many of the products. *Id*. In contrast, this case presents a simpler question. The complaint plausibly alleges that d-l-malic acid is an artificial flavoring ingredient. Compl., ¶ 31. The applicable Health and Safety regulations require Defendants to disclose their use of these artificial flavoring ingredients and it is plausible that Defendants' failure to make this required disclosure, along with their affirmative representation that the product contains "No Artificial Flavors," is likely to deceive a reasonable consumer. *See* Cal. Health & Safety Code §§ 109875 (incorporating 21 CFR § 101.22); *Ivie*, 2013 WL 685372, at *10. This is a clear-cut case of deception and Plaintiffs complaint should not be dismissed.

### 2.      Plaintiffs Plausibly State an "Unfair" Claim Under the UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prongs. *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)). "The test for liability under the UCL's 'unfair' prong remains 'in flux.'" *Becerra v. Gen. Motors LLC*, No. 15CV2365-WQH-JMA, 2017 WL 951028, at *10 (S.D. Cal. Mar. 10, 2017). Federal Courts apply both a balancing test under the UCL "Unfair" Prong and a test that looks at whether the alleged misconduct "is tethered to a constitutional or statutory provision or a regulation carrying out statutory policy." *Id*. Here, Plaintiffs satisfy both tests.

### a.      *Defendants' Conduct is "Unfair" Under the Balancing Test*

Under the balancing test, "courts consider the business practice's 'impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer,' and 'weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Becerra*, 2017 WL 951028, at *10 (citing

-12-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1472 (2006)). Plaintiffs' complaint cites to a study in Forbes Magazine showing that "88% of consumers recently polled indicated they would pay more for foods perceived as natural or healthy." Compl., ¶ 53. Because of Defendants' omissions and affirmative misrepresentations, it is plausible that consumers are more likely to perceive the Lay's Salt & Vinegar Potato Chips as being a healthier "natural" option. *See* Compl., ¶ 12 ("Defendants' packaging, labeling, and advertising scheme is intended to, and does, give reasonable consumers the impression they are buying a premium 'all natural' product with natural flavoring ingredients, instead of an artificially flavored product."). The impact to the class members— the victims of Defendants' deceptive advertising scheme— is great in this case because "Plaintiffs and putative Class Members would not have paid as much as they had for the Product absent Defendants' false and misleading statements and omissions." Compl., ¶ 63. The balancing test tips in favor of consumers in this action because they overpaid for a misbranded product and it would be easy for Defendants to correct their wrongdoings by simply disclosing that the product contains artificial flavoring ingredients. However, Defendants "conceal their use of artificial flavoring, deceiving consumers, illegally cutting costs, unjustly increasing profits, and competing unfairly and unlawfully in the marketplace, thereby injuring their law-abiding competitors as well as consumers." Compl., ¶ 66. Thus, Plaintiffs have stated a claim using the balancing test under the "Unfair" Prong of the UCL.

### b.   *Defendants' Conduct is also "Unfair" Under the Tethering Test*

Under the "tethering test,' Courts look to whether an alleged misconduct is tethered to a constitutional or statutory provision or a regulation carrying out statutory policy." *Card Tech Int'l, LLLP v. Provenzano*, No. CV 11-2434 DSF PLAX, 2012 WL 2135357, at *29 (C.D. Cal. June 7, 2012). Here, the California legislature has declared that "Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling

states that fact." Cal. Health & Safety Code § 110740. The complaint alleges that "Defendants were required to place prominently on the Product's front labeling a notice sufficient to allow California consumers to understand that the Product contains artificial flavorings" and "Defendants failed to do so, deceiving consumers and violating California law." Compl., ¶¶ 47-48. Because the alleged misconduct is tethered to a California Health and Safety regulation, Plaintiffs have also stated a claim under the "unfair" prong of the UCL.

### 3.   Plaintiffs Plausibly State an "Unlawful" Claim Under the UCL

A practice is "unlawful" if it violates any law other than the UCL. *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). The UCL "'borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under [the UCL]." *Id.*; *Clerkin v. MyLife.com, Inc.*, No. C 11– 00527 CW, 2011 WL 3607496, at *6 (N.D. Cal. Aug. 16, 2011) ("Violation of almost any federal, state or local law may serve as the basis for a UCL claim."). Coverage of California's Unfair Competition Law "is sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 181 (1999) ("In service of that purpose, the Legislature framed the UCL's substantive provisions in 'broad, sweeping language'"). Here, Plaintiffs allege violations of multiple laws that also give rise to claims under the UCL "Unlawful" Prong.

### a.   *Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's Sherman Law and Its Incorporated Federal Regulations*

Plaintiffs' complaint alleges that Defendants' labeling of the Lay's Salt & Vinegar Potato Chips violates California's Sherman Law. Compl., ¶¶ 24-27 (citing Cal. Health & Safety Code §§ 109875, incorporating 21 CFR § 101.22). The Court

-14-

in *Engurasoff* explained that "the Sherman Laws specifically adopted certain provisions that mirror or incorporate by reference [federal] food labeling and packing requirements, including the following provisions that, *inter alia*, form the basis for the 'unlawful' prong of plaintiff's UCL claim: 'Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, *unless its labeling states that fact*." 2014 WL 4145409, at *3 (emphasis added). Here, the complaint alleges that "Because the Product contains artificial flavors, federal and state law require it to display both front- and back-label disclosures to inform consumers that the Product is artificially flavored." Compl., ¶ 34. The Sherman Law clearly requires Defendants to disclose the use of artificial flavoring ingredients that are in their Lay's Salt & Vinegar Potato Chip Product. *See* Cal. Health & Safety Code §§ 109875, *et seq.*, (incorporating 21 CFR § 101.22); *Engurasoff*, 2014 WL 4145409, at *3. Because Defendants have violated the Sherman Law, they have also violated the UCL unlawful prong. *See* Compl., ¶ 118.

### b.    Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's Consumers Legal Remedies Act

California's Consumer Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770. The statute "prohibits twenty-four enumerated unlawful practices, including '[r]epresenting that goods or services are of a particular standard, quality, or grade ... if they are another.'" *Delarosa v. Boiron*, Inc., 275 F.R.D. 582, 586 (C.D. Cal. 2011) (citing Cal. Civ. Code § 1770(a)(7)). Under the CLRA, a defendant also has an obligation to disclose information in four circumstances: "(1) when a defendant is the plaintiff's fiduciary; (2) when defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when defendant actively conceals a material fact from the plaintiff; and

-15-

(4) when defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083 (C.D. Cal. 2015).

Defendants do not argue that Plaintiffs have failed to state a claim under the CLRA, nor can they. The complaint alleges that "Defendants' failure to label the Product in accord with federal and state labeling regulations, omitting the required information that the Product contains artificial flavoring, and claiming through labeling representations that the Product contains 'No artificial flavors', are unfair, deceptive, unlawful, and unconscionable commercial practices" that violate at least four enumerated unlawful practices under the CLRA. Compl., ¶¶ 108-109. Defendants also have an affirmative duty to disclose the artificial flavoring ingredients in the Lay's Salt & Vinegar Potato Chips Product because: (a.) Defendants have exclusive knowledge of the artificial flavoring ingredients that are not readily accessible to Plaintiffs and the class members; (b.) Defendants have actively concealed their use of artificial flavoring ingredients, which is a material fact that Defendants are required by law to disclose; and (c.) Defendants have made a partial representation by stating that the Lay's Salt & Vinegar Potato Chips are "flavored" and contain "No Artificial Flavors," but fail to disclose to consumers the fact that the product is artificially flavored through the use of d-l-malic acid as is required by law. Accordingly, Plaintiffs have sufficiently alleged violations of both the CLRA and the UCL "unlawful" prong. Compl., ¶¶ 99-125.

> **c.   *Plaintiffs State a Claim Under the "Unlawful" Prong of the UCL Because Plaintiffs Have Alleged Violations of California's False Advertising Law***

California's False Advertising Law prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. "This statute makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known,

-16-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

to be untrue or misleading[.]'" *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1023-24 (N.D. Cal. 2011) (internal citation omitted). "The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public..." *Davis*, 691 F.3d at 1162 (internal citations, quotations, and alterations omitted). "Consequently, even a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under [the FAL]." *Id.* As with the CLRA, Defendants have violated the FAL by making an affirmative representation that the Lay's Salt & Vinegar Potato Chips Product contains "No Artificial Flavors," but deceive consumers by failing to disclose that the Product is artificially flavored with d-l-malic acid.   Because Plaintiffs sufficiently allege a violation of the FAL, they also have successfully alleged a violation of the UCL "unlawful" prong.

### 4.    Plaintiffs Plausibly State a Claim for Breach of Express and Implied Warranties

"A warranty relates to the title, character, quality, identity, or condition of the goods." *Keith v. Buchanan*, 173 Cal.App.3d 13, 20 (1985) (internal citation omitted.). For Plaintiffs to state a claim for breach of warranty, they must allege that: (a) the defendant made a warranty; (b) the product did not comply with the warranty at the time of sale; (c) plaintiff's injury was proximately caused by the defective nature of the product; and (d) the plaintiff suffered damage. *Hauter v. Zogarts*, 14 Cal. 3d 104, 105 (1975). Liability under an implied warranty "does not depend on any specific conduct or promise of defendant, but turns on whether the product is merchantable under the California Uniform Commercial Code." *Id.* Defendants argue that "Plaintiffs' challenge to a 'no artificial flavors' statement on the back of the package fails because...Plaintiffs' Complaint and FDA regulations confirm that the malic acid in the chips was not an 'artificial flavor.'" Def.'s Mem. 15:22-25.

However, Defendants' argument fails because the complaint sufficiently alleges that d-l-malic acid is an artificial flavor and the Court "cannot make a factual determination upon a motion to dismiss as to whether [d-l-malic acid] qualifies as an artificial flavor..." *Engurasoff*, 2014 WL 4145409, at \*4; *Ivie*, 2013 WL 685372, at \*10.  If the Court is to accept as true Plaintiffs' allegations that d-l-malic acid is in fact an artificial flavoring ingredient (*See* 21 CFR § 184.1069), then Plaintiffs have sufficiently alleged breach of warranties for Defendants' representation that the Lay's Salt and Vinegar Potato Chip Product contains "no artificial flavors." *See* Compl., ¶¶ 154-181. Thus, Defendants' Motion to Dismiss should be denied.

## C. PLAINTIFFS' CLAIMS ARE NOT PARTIALLY BARRED BY THE STATUTE OF LIMITATIONS

As a last-ditch effort, Defendants argue that Plaintiffs' claims should be dismissed in part based on the statute of limitations. However, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Audio Mktg. Servs., S.A.S. v. Monster Cable Prod., Inc.*, No. C 12-04760 WHA, 2013 WL 633202, at \*6 (N.D. Cal. Feb. 20, 2013) ("When a claim is challenged as violating the statute of limitations, courts are limited to the facts alleged in the complaint."). Here, the complaint plausibly alleges that the six-year class period is not barred by the applicable statute of limitations.

### 1.   <u>The Delayed Discovery Rule Tolls the Statute of Limitations</u>

"In California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 391 (1999)). "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the

-18-

inability to have made earlier discovery despite reasonable diligence." *E–Fab, Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1319 (2007). Here, the complaint alleges that "Plaintiffs did not discover that Defendants' labeling of the Product was false and misleading until December 2016, when they learned the Product contained undisclosed artificial flavoring." Compl., ¶ 77. These allegations are sufficient to invoke the delayed discovery rule at least at the pleadings stage. *See Ortega v. Nat. Balance Inc.,* No. CV 13-05942 ABC EX, 2013 WL 6596792, at *5 (C.D. Cal. Dec. 16, 2013) ("[I]t is hard to imagine how delayed discovery allegations for the claims of unknown class members could be particularly specific. As such, the Court finds that the FAC sufficiently alleges delayed discovery on behalf of the putative class."); *Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2015 WL 4396215, at *4 (N.D. Cal. July 17, 2015); *Herremans v. BMW of N. Am., LLC*, No. CV1402363MMMPJWX, 2015 WL 12712082, at *5 (C.D. Cal. Feb. 19, 2015).[3] Thus, the statute of limitations should be tolled pursuant to the delayed discovery rule.

## 2.   Fraudulent Concealment Tolls the Statute of Limitations

"To establish fraudulent concealment, a plaintiff must plead '(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3)

---

[3] *See also Henderson v. J.M. Smucker Co.*, No. CV-10-4524-GHK-VBK, 2011 WL 1050637, at *2 (C.D. Cal. Mar. 17, 2011) ("The FAC alleges that 'Plaintiff did not discover that Smucker's labeling of the Smucker PHVO Products was false, deceptive, or misleading until late May 2010, when she was provided with information by an acquaintance from several of the studies cited above, demonstrating that foods high in trans fat—such as the Smucker PHVO Products— are harmful to human health because of their role in causing coronary heart disease, type–2 diabetes, and cancer.' It also alleges that Plaintiff 'is a reasonably diligent consumer who exercised reasonable diligence in her purchasing, use and consumption,' and who is 'not an expert on nutrition and does not typically read or have access to scholarly journals.' These are sufficient allegations for tolling at this stage.") (internal citations omitted).

that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prod. Liab. Litig.*, No. SAML1002172CJCRNBX, 2011 WL 13160303, at *6 (C.D. Cal. Jan. 20, 2011) (holding that the plaintiffs' "allegations are sufficient to establish fraudulent concealment for purposes of a motion to dismiss" and the defendant's "arguments are more appropriately raised in a motion for class certification or in a motion for summary judgment."). "The purpose of this doctrine is 'to disarm a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory.'" *Roberts v. Electrolux Home Prod., Inc.*, No. CV 12-1644 CAS VBKX, 2013 WL 7753579, at *8 (C.D. Cal. Mar. 4, 2013) (quoting *Regents of University of California v. Superior Court*, 20 Cal.4th 509, 533 (1999)).

The complaint alleges that "Defendants had a duty to inform consumers that the Product contains artificial flavoring, but still knowingly concealed, and made false labeling misrepresentations about, that fact from Plaintiffs and members of the putative Class" and "[b]ecause Defendants actively concealed their illegal conduct, preventing Plaintiffs and the putative Class from discovering their violations of state law, the fraudulent concealment exception tolls the statute of limitations on all claims..." Compl., ¶ 79. The Court should find these allegations sufficient to survive a motion to dismiss. *See Henderson*, 2011 WL 1050637, at *2 (declining "to reach Defendant's argument that tolling cannot be alleged on behalf of the putative class members" and holding that "[t]his argument is premature [when ruling on a motion to dismiss].") (alterations in original); *Ruhnke v. Skinmedica, Inc.*, No. SACV140420DOCRNBX, 2015 WL 12698447, at *2 (C.D. Cal. Jan. 7, 2015) ("The Court agrees with the approach taken in *Henderson* and finds that Defendants' attack is more appropriately addressed at the class certification stage than at the pleading stage."); *Johns v. Bayer Corp.*, 280 F.R.D. 551, 560 (S.D. Cal. 2012) ("Under the UCL and CLRA, whether the class properly includes consumers who purchased

before the applicable statutes of limitation is a merits-based, classwide issue."). Thus, the statute of limitations should be tolled pursuant to the doctrine of fraudulent concealment.

### 3.   The Continuing Violation Doctrine Tolls the Statute of Limitations

 "The continuing violation doctrine is meant to serve equitable purposes when 'injuries are the product of a series of small harms, any one of which may not be actionable on its own,' or when the plaintiff has alleged 'a pattern of reasonably frequent and similar acts... justifying treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period.'" *Hunter v. Nature's Way Prod., LLC*, No. 16CV532-WQH-BLM, 2016 WL 4262188, at *11 (S.D. Cal. Aug. 12, 2016) (quoting *Aryeh v. Canon Business Solutions, Inc.*, 292 P.3d 871, 875 (Cal. 2013)). The complaint alleges that "because Defendants' misrepresentations and deception continues up to the present, the continuing violation exception tolls all applicable statues of limitations for Plaintiffs and all members of the putative Class until Defendants' unlawful advertising and labeling is corrected." Compl., ¶ 80. Thus, the statute of limitations should also be tolled pursuant to the continuing violation doctrine.

### 4.   Equitable Tolling Extends the Statute of Limitations Period For Plaintiffs' CLRA and FAL Claims

Defendants note that "Plaintiffs' CLRA and FAL claims are subject to a three-year statute of limitations." Def.s' Mem. 17:9 (citing Cal. Civ. Code § 1783; Cal. Civ. Proc. Code § 338(a)). For this reason, Defendants argue that "Plaintiffs' CLRA and FAL claims based on purchases pre-dating May 11, 2014, and Plaintiffs' breach of warranty and UCL claims based on purchases pre-dating May 11, 2013, must be dismissed as untimely." Def.s' Mem. 17:12-14.  This argument is incorrect and ignores California's equitable tolling doctrine. "The equitable tolling of statutes of

-21-

*Allred v. Frito-Lay North America, Inc., et al.*, Case No. 3:17-cv-01345-JLS-BGS
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

limitations is a judicially created, nonstatutory doctrine." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008). "It is 'designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied.'" *Id*. "Where applicable, the doctrine will 'suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Id*. "The California Supreme Court has held that 'the doctrine [of equitable tolling] applies 'when an injured person has several legal remedies and, reasonably and in good faith, pursues one.'" *Rosas v. Chipotle Mexican Grill, Inc.*, No. SACV122189JSTRNBX, 2013 WL 12170553, at *4 (C.D. Cal. Sept. 9, 2013) (quoting *McDonald*, 45 Cal. 4th at 100; *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)). Here, Plaintiffs' UCL claim is governed by a four-year statute of limitations period. *See* Cal. Bus. & Prof. Code § 17208. Because Plaintiffs' FAL and CLRA claims arise out of the same factual allegations as Plaintiffs' UCL claims, the three-year statute of limitations should be extended pursuant to the equitable tolling doctrine. *See Rosas*, 2013 WL 12170553, at *4. Thus, Defendants' motion to dismiss should be denied.

## V.     <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiffs respectfully request the Court deny Defendant's Motion to Dismiss in its entirety. If the Court dismisses any portion of the complaint, Plaintiffs respectfully request leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1  Dated:     October 5, 2017

2

3                                              Respectfully submitted,

4                                              /s/ *Ronald A. Marron*
                                                  Ronald A. Marron
5

6                                              **LAW OFFICES OF RONALD A.**

7                                              **MARRON, APLC**
                                               RONALD A. MARRON
8                                              MICHAEL HOUCHIN

9                                              651 Arroyo Drive
                                               San Diego, California 92103
10                                             Telephone: (619) 696-9006
11                                             Facsimile: (619) 564-6665

12                                             **LAW OFFICE OF DAVID ELLIOT**
13                                             DAVID ELLIOT (SBN 270381)
                                               *davidelliot@elliotlawfirm.com*
14                                             2028 3rd Avenue
15                                             San Diego, CA 92101
                                               Telephone: (858) 228-7997
16                                             ***Attorneys for Plaintiffs and the Proposed***
17                                             ***Class***

18

19

20

21

22

23

24

25

26

27

28

-23-