# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC. and FRITO-LAY, INC.,<br><br>Defendants. | Case No.: 17-CV-1345 JLS (BGS)<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>(ECF No. 16) |

Presently before the Court is Plaintiffs' Motion to Remand, ("MTN," ECF No. 16). Defendants have filed an Opposition to the Motion, ("Opp'n," ECF No. 20), and Plaintiffs have filed a Reply in support of their Motion, ("Reply," ECF No. 22). The Court rules as follows.

## BACKGROUND

Plaintiffs filed a class action complaint in state court. (*See* "Compl.," ECF No. 1-2, at 3–32.)[1] Defendants removed the case to federal court. ("Not. Removal," ECF No. 1.) Plaintiffs bring causes of action under: (1) the Consumer Legal Remedies Act; (2) Unfair Competition Law (unlawful prong); (3) Unfair Competition Law (unfair prong); (4) False

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

1

Advertising Law; (5) Breach of Express Warranties; and (6) Breach of Implied Warranties. (*See generally* Compl.) In broad summary, Plaintiffs allege Defendants manufacture and sell "Salt and Vinegar Flavored Potato Chips" (hereinafter, "the Product"). Plaintiffs allege the label of the Product violates California law in various ways. (*Id.* ¶¶ 23–26.) Plaintiffs seek to represent a class of consumers defined as follows:

> All consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified (hereinafter the "Class Period").

(*Id.* ¶ 82.)

## LEGAL STANDARD

As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal depends on whether the case originally could have been filed in federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). The asserted propriety of removal here is under the Class Action Fairness Act ("CAFA"). CAFA gives federal courts jurisdiction over certain class actions if the class has more than 100 members, the parties are minimally diverse, and the amount-in-controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (5)(B); *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). There is no presumption against removal jurisdiction in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (noting "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant" (internal quotations omitted)). The removing defendant bears the burden of establishing that removal is proper. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

/ / /
/ / /
/ / /

# ANALYSIS

The issue at hand is whether the amount in controversy is sufficient under CAFA.[2] The Complaint does not state a specific amount requested.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 135 S. Ct. at 553. If, however, a plaintiff contests the amount-in-controversy, "removal . . . is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $5,000,000. 28 U.S.C. § 1446(c)(2)(B); *Dart*, 135 S. Ct. at 553–54. Here, Plaintiffs contest the amount in controversy so the Court must determine whether Defendants have met their burden regarding this issue.

In support of removal, Defendants assert "Frito-Lay's gross revenues from sales of Lay's Salt & Vinegar Flavored Potato Chips in California in *each* of 2014, 2015, and 2016 alone were well in excess of $5,000,000.00." (Not. Removal ¶ 16.) Defendants attached a sworn declaration from Frito-Lay Senior Director of Finance Connie Faulkner. Ms. Faulkner declares that she reviewed Frito-Lay's records and found that the company's gross revenues from sales of the Product in California were well in excess of $5 million in each of 2014, 2015, and 2016 alone, and that Frito-Lay's net revenues from sales of the Product in California were also well in excess of $5 million in each of 2014, 2015, and 2016 alone. (ECF No. 1-2, ¶¶ 3–4.)

Plaintiffs argue Defendants' values are incorrect because Plaintiffs "do not intend to seek a full refund for each Lay's product purchased" and "the correct measure of damages would be a price premium damages model that examines the premium Defendants are able

---

[2] The remaining CAFA requirements are met. Both Parties agree Defendants are Delaware corporations with a principal place of business in Texas. (Compl. ¶¶ 16–17; Not. Removal ¶¶ 11–12.) Both Parties agree Plaintiffs are citizens of California. (Compl. ¶ 15; Not. Removal ¶ 10). Thus, minimal diversity exists. Further, Plaintiffs assert there are at least "tens of thousands" of class members. (Compl. ¶ 89.)

to command in the marketplace [as a] result of their failure to disclose that the Product contains artificial flavoring ingredients." (MTN 6–7.)

In response, Defendants cite to the Complaint where Plaintiffs state they seek "disgorgement and restitution of all monies from the sale of the Product." (Compl. ¶ 153.) Plaintiffs claim they "would not have purchased the product in the absence of Defendants' misrepresentations and omissions." (*Id.* ¶ 60.) Plaintiffs state they "suffered loss in an amount equal to the amounts they paid for the Product." (*Id.* ¶ 75.)

Plaintiffs point to other parts of their Complaint in support of their argument that it is "ambiguous as to what measure of damages should be applied. (Reply 2 (citing Compl. ¶ 10 ("Defendants' packaging, labeling, and advertising scheme is intended to, and does, give reasonable consumers the impression they are buying a premium 'all natural' product with natural flavoring ingredients, instead of an artificially flavored product.").) Plaintiffs argue courts frequently hold that plaintiffs in cases like this are not be able to recover "full restitution" but only the price premium. (Reply 3 (citing cases).) And in support, Plaintiffs attached a sworn declaration by attorney Ronald A. Marron stating Plaintiffs are not seeking a full refund for each purchase of the Product but will base their damages on a "price premium" model. (ECF No. 16-2, ¶ 4.)

Both Parties cite to *Waller v. Hewlett-Packard Co.*, No. 11cv0454-Lab (RBB), 2011 WL 8601207 (S.D. Cal. May 10, 2011), wherein the court held, "[i]n determining the amount in controversy, the Court considers the relief a plaintiff *seeks,* not what the plaintiff may reasonably or ultimately *obtain*." *Id.* at *2 n.3 (citing *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.")). Indeed, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

Plaintiffs clearly state throughout their Complaint that they intend to seek full restitution of the purchase price of the Product. The fact that the Complaint ambiguously also refers to the premium charged by Defendants, and that Plaintiffs now declare they will not be seeking a full refund, is unavailing. The Court finds Defendants have carried their burden to show, by a preponderance of the evidence, their amount in controversy calculations are valid. The amount presented by Defendants is well in excess of the statutory requirement.

## CONCLUSION

The Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated: April 10, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge