UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC. and FRITO-LAY, INC.,<br><br>Defendants. | Case No.: 17-CV-1345 JLS (BGS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(ECF No. 44) |

Presently before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint, ("MTN," ECF No. 44). Also before the Court is Defendants' Response in Opposition to the Motion, ("Opp'n," ECF No. 55), and Plaintiffs' Reply in Support of the Motion, ("Reply," ECF No. 57). The Court vacated oral argument on the Motion and took the matter under submission without oral argument. (ECF No. 56.) After considering the Parties' argument and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs filed a class action complaint in state court. (*See* "Compl.," ECF No. 1-2,

at 3–32.)[1]  Defendants removed the case to federal court.  ("Not. Removal," ECF No. 1.)  Plaintiffs bring causes of action under: (1) the Consumer Legal Remedies Act; (2) Unfair Competition Law (unlawful prong); (3) Unfair Competition Law (unfair prong); (4) False Advertising Law; (5) Breach of Express Warranties; and (6) Breach of Implied Warranties.  (*See generally* Compl.)  In broad summary, Plaintiffs allege Defendants manufacture and sell "Salt and Vinegar Flavored Potato Chips" (hereinafter, "the Product").  Plaintiffs allege the label of the Product violates California law in various ways.  (*Id.* ¶¶ 23–26.)  Plaintiffs seek to represent a class of consumers defined as follows:

> All consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified (hereinafter the "Class Period").

(*Id.* ¶ 82.)  Defendants filed a motion to dismiss, which the Court denied.  (ECF No. 26.)  Defendants then filed a motion for reconsideration, (ECF No. 29), which is pending.  Plaintiffs then filed the present motion seeking leave to file a first amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See United States ex rel. Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)).  Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The non-moving party bears the burden of showing why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989).

**ANALYSIS**

Plaintiffs seek to amend their Complaint to add "additional factual allegations relating to the function and effect of malic acid in the Lay's Salt & Vinegar Flavored Potato Chip Product (the 'Product') that is at issue in this action." (MTN 2.) Plaintiffs argue their request is timely, as it filed it on the final day in which the Parties were permitted to seek leave to amend to add new claims. (*Id.* at 4 (citing ECF No. 37).) Plaintiffs state their amendment does not change the nature of the lawsuit. (*Id.*) Plaintiffs also state the deadline to complete discovery is not until November 1, 2018, and Defendants have served only one set of discovery. (*Id.*)

In response, Defendants point to their motion for reconsideration where they argue that Plaintiffs have failed to plausibly allege that malic acid imparts a vinegar flavor. (Opp'n 2.) Defendants argue Plaintiffs are attempting to "salvage their claims" but the amendments actually undermine their claims. (*Id.*) In sum, Defendants argue Plaintiffs' complaint is subject to dismissal and the amendments are futile. (*Id.* at 3–5.)[2]

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to

---

[2] Defendants also confusingly argue that the time for further amendment has expired, but they do not contest that Plaintiffs filed their Motion within the time limits. (*See* ECF No. 37 (scheduling order).) Defendants also argue that the Court should deny the Motion "where Plaintiffs have had an opportunity to amend, but have failed to correct the deficiencies in their pleadings." (Opp'n 5.) Plaintiffs have not yet amended their Complaint, so this assertion does not apply here.

amend, and instead defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted); *accord Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv52-IEG (KSC), 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

Defendants are effectively asking this Court to turn their opposition into a motion to dismiss. Defendants are moving for reconsideration on the exact issue which Plaintiffs state they are bolstering with their proposed amendment, so the Court finds it is appropriate to allow Plaintiffs leave to amend before evaluating Defendants' request on the merits.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Amended Complaint, (ECF No. 44). Accordingly, the Court **DENIES AS MOOT** Defendants' Motion for Reconsideration, (ECF No. 29). Plaintiffs **SHALL** file an amended complaint <u>on or before seven (7) days of the electronic docketing of this Order.</u>

**IT IS SO ORDERED.**

Dated: July 27, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge